UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MANUEL DISMUKE,                    )
                                   )   No. C11-0264RSL
            Plaintiff,             )
      v.                           )
                                   )   ORDER GRANTING MOTION FOR
THE BOEING COMPANY, *et al.*,      )   SUMMARY JUDGMENT
                                   )
            Defendants.            )
_____)

This matter comes before the Court on "Boeing's Motion for Summary Judgment." Dkt. # 23. Plaintiff alleges that he was denied training when promoted to a new position within Boeing and ultimately forced to return to his previous position because of his race. Defendant argues that plaintiff has failed to establish a *prima facie* case of race discrimination and that it had legitimate, non-pretextual reasons for encouraging plaintiff to return to his previous position.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

To defeat summary judgment, plaintiff has the burden of coming forward with evidence that "give[s] rise to an inference of unlawful discrimination." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Plaintiff may establish a *prima facie* case of discrimination either by meeting the four-part test laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), or by providing direct evidence suggesting that the employment decision was based on an impermissible criterion (Cordova v. State Farm Ins. Cos., 124 F.3d 1145, 1148 (9th Cir. 1997)). Once a *prima facie* case has been made, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." Chuang v. Univ. of Cal. Davis, 225 F.3d 1115, 1123-24 (9th Cir. 2000). If the employer does so, the plaintiff must then show that the articulated reason is pretextual "either directly by persuading the [fact-finder] that a

---

[1] The Court has considered plaintiff's untimely Second Amended Response (Dkt. # 27) and the comparator information provided in the Decl. of Donald Thom (Dkt. # 25-1). Defendant's objections are overruled.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT                -2-

discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256. When the evidence is direct, "'[w]e require very little evidence to survive summary judgment' in a discrimination case." Lam v. Univ. of Hawaii, 40 F.3d 1551, 1564 (9th Cir. 1994) (quoting Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1111 (9th Cir. 1991)) (alteration in original). "But when the plaintiff relies on circumstantial evidence, that evidence must be specific and substantial to defeat the employer's motion for summary judgment." Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005) (internal quotation marks omitted).

Plaintiff does not have any direct evidence suggesting that his supervisor, Mike Workman, was motivated by discriminatory animus in his dealings with plaintiff. Nor is there any indication that the HVAC mechanics on whose evaluation of plaintiff's skills Mr. Workman relied made racially-motivated comments or exhibited race-based bias. Rather, plaintiff relies on facts from which an inference of discrimination would have to be drawn, namely that:

- he is African American,

- there were no other African American's in the Auburn HVAC mechanic position,

- his fellow mechanics seemed surprised to learn that he was African American and did not include him in their group,

- there was a cartoon of an Asian man with the phrase "Aim Straight Bubba" in the bathroom of the Auburn facility,

- a co-worker argued with plaintiff regarding African Americans, government handouts, and the Obama administration,

- Mr. Workman refused to provide the training that plaintiff needed to succeed in the new position, and

- HVAC mechanics in the Everett and/or Renton facilities were given more support when learning the new position.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT -3-

Because he is relying on indirect evidence, plaintiff "must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir. 2009).

Plaintiff has failed to raise a genuine issue of fact regarding the second and fourth elements of the *prima facie* case. Although plaintiff met the basic requirements for the HVAC mechanic position, it is undisputed that, once he obtained the promotion and started working, he could not perform the job independently. Even with a few weeks of training to introduce him to the Auburn facility and the HVAC machines on which he would be working, everyone recognized that plaintiff's lack of previous employment as an HVAC mechanic put him at a significant disadvantage. Taking the evidence in the light most favorable to plaintiff, it would have taken eight to twelve months of shadowing other employees before plaintiff would have sufficient knowledge and skills to be fully independent. The fact that plaintiff checked off all the boxes in the QTTP system meant only that he could get the job, not that he could do it: an impressive resume, after all, does not necessarily guarantee success as an employee.

Plaintiff argues that his lack of hands-on experience was not novel and that non-African American HVAC mechanics who had similar deficiencies were given whatever training was necessary to bring them up to speed. The persons identified (or alluded to) are not similarly situated, however. Tim Henry, the only comparator identified by name, worked for two years as an HVAC mechanic outside Boeing and passed an interview in which he was questioned regarding various HVAC systems and related operations. There is no evidence to suggest that Mr. Henry – or any other HVAC mechanic hired in Auburn in the past decade – needed or was provided months of on-the-job training before he was ready to work independently.

The other mechanics who are supposedly similar to plaintiff are identified only as persons who work at the Renton and Everett facilities. These mechanics are apparently "still

incompetent to do the work of an HVAC mechanic after many months of being on the job" and having the benefit of additional training. Decl. of Donald Thom (Dkt. # 26-1) at ¶ 7. In order to show that these unnamed individuals are valid comparators, plaintiff "must demonstrate, at the least, that [he is] similarly situated to those employees in all material respects." Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006).

The HVAC mechanics to whom Mr. Thom refers did not work in the Auburn plant and were not subject to Mr. Workman's supervision. While not every circumstance between the comparators must be identical and there is no strict "same supervisor" requirement (Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010)), the undisputed facts of this case show that these distinctions were material. The HVAC group at the Auburn facility apparently had higher expectations of their new hires than did Everett and Renton. Years before plaintiff was promoted, management in the Auburn Facilities Division initiated an interview process to supplement the QTTP program as a means of ensuring that new HVAC employees could work independently within a few weeks of hiring. Decl. of Michael Workman (Dkt. # 24-1) at ¶ 3 and ¶ 7.[2] Except for plaintiff, the Auburn group had a history of hiring individuals with multiple years of HVAC experience who needed only minimal on-the-job training. See, e.g., Decl. of Scott Booher (Dkt. # 24-1) at ¶ 4 and ¶ 10 (after a five-year apprenticeship working with three companies, Mr. Booher was given a few weeks of training and orientation when he came to Auburn). There is no indication that the HVAC groups in Renton or Everett had imposed an interview requirement or otherwise emphasized HVAC experience in their hiring processes. In addition, the managers and their individual hiring expectations differed. A group's manager is, at least in part, responsible for determining what training should be provided for an employee to do the job. Decl. of Michael Workman (Dkt. # 24-1) at ¶ 9. In the Auburn HVAC group, Mr.

---

[2] For whatever reason, Mr. Workman did not get a chance to interview plaintiff before he was hired. Id. at ¶ 8.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT                    -5-

Workman advised new hires regarding which Boeing classes to take and had them shadow an experienced mechanic for a few weeks to orient themselves to the Auburn facility and its units. It is undisputed that Mr. Workman expected new mechanics to be able to work independently thereafter. In this instance, Mr. Workman hired plaintiff because he was short-staffed: he needed an employee capable of doing the job, not one who needed to shadow another HVAC mechanic for a year while he learned (or relearned) the basic skills necessary to be an HVAC mechanic. Id. at ¶ 14. The fact that Renton and Everett are willing to and capable of absorbing less competent HVAC mechanics means that the proposed comparators from those facilities are not similarly situated.

Even if the Court assumes that plaintiff's evidence establishes a *prima facie* case of race discrimination, the employer has proffered a legitimate, non-discriminatory reason for plaintiff's return to his old position, namely that he could not perform the basic functions of the job without extensive and time-consuming training. There is simply no evidence from which a reasonable fact-finder could conclude that plaintiff's race played a part in Mr. Workman's unwillingness to keep as part of his team a mechanic whom everyone agreed would not be able to work independently for at least eight to twelve months.

The Court is very aware that claims of employment discrimination "are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1112 (9th Cir. 2004).[3] In order to survive a motion for summary judgment, plaintiff is required to raise only an inference of discriminatory motive. The Court finds, however, that he cannot do so based on the undisputed facts in the record.

---

[3] McGinest asserted a hostile work environment claim and produced evidence of racial taunts, unpaid overtime, and the diminution of his authority over subordinate employees. Not surprisingly, the Ninth Circuit found that the jury should evaluate the "constellation of surrounding circumstances, expectations, and relationships . . . ." 360 F.3d at 1112.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT                -6-

For all of the foregoing reasons, Boeing's motion for summary judgment on plaintiff's discrimination claim (Dkt. # 23) is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 11th day of May, 2012.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge